IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEMORY INTEGRITY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 13-1802 (GMS) |
| ) | |
| HTC CORPORATION and ) | **JURY TRIAL DEMANDED** |
| HTC AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS HTC CORPORATION
AND HTC AMERICA, INC. TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants HTC Corporation and HTC America, Inc. (collectively referred to herein as "HTC" for the purpose of this answer only), through their undersigned counsel, hereby respond to the Complaint filed by Plaintiff Memory Integrity, LLC ("MI"), as follows:

**RESPONSE TO NATURE OF THE ACTION, PARTIES AND JURISDICTION**

1. HTC admits that the Complaint purports to state a cause of action arising under Title 35 of the United States Code, but denies HTC has done anything that constitutes patent infringement as alleged by MI. HTC otherwise denies the remaining allegations of paragraph 1 of the Complaint.

2. HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint and, therefore, on that basis, denies the allegations thereof.

3. HTC admits that HTC Corporation is organized under the laws of Taiwan with its principal place in Taiwan, Republic of China. HTC otherwise denies the allegations of paragraph 3 of the Complaint.

4. HTC admits that HTC America, Inc. ("HTC America") is a Washington corporation with its principal place of business in Bellevue, Washington and that it is a wholly-owned subsidiary of HTC Corporation. HTC otherwise denies the allegations of paragraph 4 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

5. HTC admits that the Complaint purports to state an action arising under the Patent Laws of the United States and, accordingly, that this Court has subject matter jurisdiction over actions arising under the patent laws pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met, but denies the legal sufficiency of Plaintiff's claims against HTC, denies that Plaintiff has any viable claim for patent infringement against HTC, and otherwise denies the allegations of paragraph 5 of the Complaint.

6. For purposes of this action only, HTC does not contest that this Court has personal jurisdiction over HTC Corporation and HTC America. HTC denies the remaining allegations of paragraph 6 of the Complaint.

7. The allegation that venue is proper in this district is a legal conclusion that does not require a response. To the extent a response is required, for purposes of this action only, HTC does not contest that venue is proper in this district as to HTC, but denies that this forum is convenient for this case. HTC further denies it has committed the alleged acts of patent infringement in this district or anywhere else. HTC denies any remaining allegations of paragraph 7 of the Complaint.

## RESPONSE TO JOINDER

8. The allegations of paragraph 8 of the Complaint state a legal conclusion that does not require a response. To the extent a response is required, HTC does not contest joinder of

HTC Corporation and HTC America in this lawsuit.  HTC otherwise denies the allegations of paragraph 8 of the Complaint.

## RESPONSE TO THE PATENT-IN-SUIT

9. HTC admits that United States Patent No. 7,296,121 (the "'121 patent"), on its face, is titled "Reducing Probe Traffic in Multiprocessor Systems."  HTC further admits that a true and correct copy appears to be attached as Exhibit A to the Complaint.  HTC further admits that, on its face, the '121 patent states that it issued on November 13, 2007.  HTC denies that the '121 patent was duly and legally issued by the United States Patent and Trademark Office and otherwise denies the allegations of paragraph 9 of the Complaint.

10. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, on that basis, denies the allegations thereof.

## RESPONSE TO COUNT I

11. HTC repeats and incorporates herein by reference its responses to the allegations of paragraphs 1-10 of the Complaint.

12. HTC denies the allegations of paragraph 12 of the Complaint.

13. HTC denies the allegations of paragraph 13 of the Complaint, except HTC admits that MI first called the '121 patent to SmugMug's attention in the Complaint, but denies that constitutes proper notice.

14. HTC denies the allegations of paragraph 14 of the Complaint.

15. HTC denies the allegations of paragraph 15 of the Complaint.

16. HTC denies the allegations of paragraph 16 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

17. MI's jury demand requires no answer.  HTC also demands a jury trial on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

18. HTC denies that MI is entitled to any relief whatsoever against either HTC defendant in this action, as requested in MI's Complaint or otherwise.  MI's prayer should therefore be denied in its entirety and with prejudice, and MI should take nothing therefor.

## DEFENSES

19. Further answering the Complaint, HTC alleges the following defenses, but without assuming any burden of proof or persuasion by so doing:

20. The Complaint fails to state a claim upon which relief can be granted.

21. HTC does not infringe and has not infringed any claim of the patent-in-suit either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement, willfully or otherwise.

22. One or more claims of the patent-in-suit are invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

23. MI is estopped, among other things, because of prosecution history estoppel and/or disclaimer, from construing or interpreting the claims of the patent-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any acts of HTC, its customers, and/or end-users of HTC products, by reason of the proceedings in the PTO during prosecution of the applications leading to the issuance of the patent-in-suit, the admissions and

representations made therein to the PTO by the applicants, disclosure, or language in the specifications of the patent-in-suit, and/or limitations in the claims of the patent-in-suit.

24.   The relief sought by the MI is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or acquiescence due to its inaction in timely asserting the patent-in-suit, express or implied license, and/or patent exhaustion.

25.   MI's claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

26.   MI is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

27.   To the extent certain products accused of infringing one or more of the patent-in-suit are used by and/or manufactured for the United States Government, MI's claims against HTC with respect to such products are barred, in whole or in part, under 28 U.S.C. § 1498.

28.   HTC reserves the right to assert any other defenses, including, without limitation, unenforceability for inequitable conduct that further discovery and/or investigation may reveal.

## PRAYER FOR RELIEF

WHEREFORE, HTC respectfully requests and prays that this Court:

(a)   Dismiss MI's Complaint in its entirety, with prejudice, and that MI take nothing by its Complaint, and that judgment be entered in favor of HTC;

(b)   Declare that HTC has not infringed, and is not infringing, any claim of the Patent-in-Suit;

(c)   Declare that each of the claims of the Patent-in-Suit is invalid;

(d)   Declare that this action constitutes an exceptional case under 35 U.S.C. § 285 and that HTC be awarded costs of suit that HTC has incurred, including attorneys' fees and any additional relief that the Court deems appropriate; and

(e) Grant such other relief as this Court deems just and proper.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Karen Jacobs*

OF COUNSEL:

Jerry R. Selinger
Susan E. Powley
PATTERSON & SHERIDAN LLP
1700 Pacific Avenue
Suite 2650
Dallas, TX 75201
(214) 272-0957

Karen Jacobs (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
psaindon@mnat.com
  *Attorneys for Defendants HTC Corporation and HTC America, Inc.*

February 24, 2014

8019122

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 24, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis<br>Richard C. Weinblatt<br>STAMOULIS & WEINBLATT LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE  19809 | *VIA ELECTRONIC MAIL* |
| Jennifer Towle<br>Bryan Atkinson<br>FARNEY DANIELS PC<br>800 South Austin Avenue, Suite 200<br>Georgetown, TX  78626 | *VIA ELECTRONIC MAIL* |
| Jonathan Baker<br>FARNEY DANIELS PC<br>411 Borel Avenue, Suite 350<br>San Mateo, CA  94402 | *VIA ELECTRONIC MAIL* |
| Timothy Devlin<br>FARNEY DANIELS PC<br>1220 Market Street, Suite 850<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)